UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE GUTIERREZ,<br><br>Defendant. | CR. 00-50081-04-JLV<br><br><br><br>ORDER |

**INTRODUCTION**

Defendant Eugene Gutierrez, appearing *pro se*, filed a motion for compassionate release on November 13, 2020. (Docket 262). Pursuant to the Amended Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD"), the United States Attorney for the District of South Dakota filed records, submissions and briefing on his motion. (Dockets 264-67). For the reasons stated below, defendant's motion is denied.

**AMENDED STANDING ORDER 20-06**

Amended Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of the COVID-19 virus into the federal prison system." (SO 20-06 at p. 1). By the amended standing order, the FPD and the United States Attorney for the

---

[1] See https://www.sdd.uscourts.gov/socraa.

District of South Dakota are "to place [the defendant] into one of four categories[.]"  Id. ¶ 4.  Those categories are:

    a.    High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § 1.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

    b.    Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

    c.    Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

    d.    Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id.  The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office."  Id.

### MR. GUTIERREZ'S CLASSIFICATION

On November 18, 2020, the FPD and the U.S. Attorney filed a notice designating Mr. Gutierrez as a Low Priority case.  (Docket 264).

### FACTUAL BACKGROUND

Mr. Gutierrez pled guilty to aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), & 2 and aiding and abetting the use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c) & 2.  (Dockets 177 & 180).  On January 7, 2002, Mr. Gutierrez was sentenced to a term of imprisonment of 120 months for aiding

and abetting bank robbery and a consecutive 84 months for the firearm offense.  (Dockets 201 & 203 at p. 2).  Mr. Gutierrez's total term of imprisonment was 204 months, followed by five years of supervised release.  (Docket 203 at pp. 2-3).

Mr. Gutierrez is currently an inmate at USP Big Sandy, a high security penitentiary with a minimum security camp, in Inez, Kentucky.  (Docket 262 at p. 1); Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked August 5, 2021).  The total inmate population at USP Big Sandy is currently 1,269 persons.  https://www.bop.gov.locations/institutions/bsy/ (last checked August 5, 2021).  As of August 5, 2021, there are no active COVID-19 cases among inmates and one among staff.  https:www.bop.gov/coronavirus/ (last checked Apr. 23, 2021).  There have been zero inmate deaths as a result of COVID-19 and 125 inmates and 113 staff have recovered from COVID-19 at USP Big Sandy.  Id.

Mr. Gutierrez has a scheduled release date of August 15, 2022.  (Docket 265 at p. 97).  Mr. Gutierrez has served approximately 94 percent of his statutory term and is currently eligible for home detention on February 15, 2022.  Id. at pp. 97 & 99.  Mr. Gutierrez is 49 years old.  See https://www.bop.gov/inmateloc/.

## MR. GUTIERREZ'S MOTION

Mr. Gutierrez's *pro se* motion seeks compassionate release based on his conviction for a firearm offense in violation of 18 U.S.C. § 924(c) ("924(c)

offense") and because his father is suffering from cancer and needs a caregiver. (Docket 262 at p. 1).   On December 4, 2020, the FPD docketed a notice of intent not to supplement Mr. Gutierrez's *pro se* motion.

Though Mr. Gutierrez does not raise any specific concerns regarding his medical conditions, the court has undertaken an independent review of his medical records on file in this case.   Mr. Gutierrez's records confirm the following medical conditions:

- Unspecified internal derangement of right knee.   (Docket 265 at p. 31);

- Unspecified disorder of patella.  Id.; and

- Other spontaneous disruption of ligament of knee.   Id.

Mr. Gutierrez has used a neoprene sleeve, ibuprofen and prednisone to treat his knee pain.   Id. at pp. 4, 27, 38.   Mr. Gutierrez is 67.5 inches tall and his most recent recorded weight is 180 pounds.   Id. at p. 7, 67.   Based on his height and weight, Mr. Gutierrez has a body mass index ("BMI") of 27.8, which is overweight, but not obese.   See Adult BMI Calculator, Ctr. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/English_bmi_calculator/bmi_calculator.html (last checked Mar. 19, 2021).   Overall, Mr. Gutierrez's medical records provide the impression of his general good health.

**UNITED STATES' OPPOSITION**

The government opposes Mr. Gutierrez's motion for compassionate release.   (Docket 267).   First, the government argues Mr. Gutierrez has not

4

exhausted administrative remedies by presenting a request for compassionate release to the warden of his facility.  Id. at pp. 3-4.  Second, the government argues Mr. Gutierrez is "ineligible for compassionate release under the [First Step Act] simply because he was convicted of violating 18 U.S.C. § 924(c)."  Id. at p. 4.  Third, the government argues none of the categories support compassionate release as outlined in U.S.S.G. § 1B1.13, Application Note 1(A)-(D) apply.  Id. at pp. 6-10.  Finally, the government argues the 18 U.S.C. § 3553(a) factors weigh against granting Mr. Gutierrez compassionate release.  Id. at pp. 10-12.

## ANALYSIS

### Administrative Exhaustion

Section 3582(c) permits the district court to consider a prisoner's request for compassionate release after he exhausts the administrative remedies mandated by the statute.  18 U.S.C. § 3582(c)(1)(A)(i).  The government's contention Mr. Gutierrez failed to exhaust the administrative remedy process is well taken.  (Docket 267 at pp. 3-4).  The court's independent review of the record demonstrates no evidence to support Mr. Gutierrez submitted a request for compassionate release to the warden of USP Big Sandy prior to filing the instant motion.  This failure alone requires the court to reject Mr. Gutierrez's motion, and a review of the merits confirms that denial is warranted.

5

### **Changes to Section 924(c) Offenses**

Mr. Gutierrez argues his conviction for a 924(c) offense is a basis for compassionate release without explaining why.  (Docket 262 at 1).  The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), made certain changes to the mandatory minimum sentences applicable to 924(c) offenses. Those changes address the so-called stacking of penalties for multiple 924(c) offenses.  Under section 403 of the First Step Act ("FSA"), counts of conviction under 18 U.S.C. § 924(c) are stacked only when the second offense occurs *after* a final conviction on the first 924(c) offense. See Pub. L. No. 115-391, § 403(a), 132 Stat. at 5221-22.  The changes to 924(c) penalties were not made retroactive to sentences imposed before the enactment of the FSA.  See id. § 403(b).  Because Mr. Gutierrez was sentenced before the FSA was passed, the section 403 changes do not apply to him.

Section 403 of the FSA is inapplicable to Mr. Gutierrez for the further reason that he pled guilty to *one* firearm offense in violation of 18 U.S.C. § 924(c) and was sentenced accordingly.  Mr. Gutierrez was not convicted of multiple 924(c) offenses.  The FSA's changes to the stacking of multiple 924(c) penalties are not implicated here.

### **Extraordinary and Compelling Reasons**

Mr. Gutierrez raises family circumstances as an "extraordinary and compelling" reason for compassionate release based on his father's cancer

diagnosis and his desire to be with his father during this time. (Docket 262 at p. 1).

Section 3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release." United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). That task was left to the United States Sentencing Commission. See 28 U.S.C. § 994(t). Prior to the First Step Act, the Sentencing Commission established four categories for "extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." See id. Those categories generally focus on the defendant's age, medical condition, family situation and any other reasons the BOP deems extraordinary and compelling. U.S.S.G. § 1B1.13 comment. n.1. The four categories have not been updated since December 2018 when the First Step Act became law.[2]

The court previously surveyed the status of the law as to a court's authority under the First Step Act. E.g., United States v. Thunder Hawk, CR. 14-50008, 2021 WL 253456, at *5 (D.S.D. Jan. 26, 2021); United States v. Magnuson, CR. 15-50095, 2020 WL 7318109, at *4-5 (D.S.D. Dec. 11, 2020); United States v. King, CR. 15-50050, 2020 WL 6146446, at *4-5 (D.S.D. Oct. 20, 2020). A summary of that survey is sufficient here.

---

[2]The United States Sentencing Commission lacks a quorum and "currently has only two voting members, two short of the four it needs to amend the [U.S.S.G.]." United States v. Marks, 455 F. Supp. 3d 17, 24 (W.D.N.Y. 2020) (references omitted).

This court has held it retains its independent authority "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release."³  E.g., Magnuson, 2020 WL 7318109, at *5 (quoting United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020)); see also McCoy, 981 F.3d at 283 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) ("In cases where incarcerated persons file motions for compassionate release, federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); and United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second Circuit that the Guidelines Manual "does not curtail a district judge's discretion").

Despite the expanded authority under the First Step Act, the court finds Mr. Gutierrez has not met his burden of proof by presenting "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

---

³The United States Court of Appeals for the Eighth Circuit had several opportunities to address this issue but declined to do so.  United States v. Vangh, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021); United States v. Loggins, Jr., 966 F.3d 891 (8th Cir. 2020) and United States v. Rodd, 966 F.3d 740 (8th Cir. 2020).

8

Mr. Gutierrez contends because of his father' cancer he needs to be by his side.  (Docket 262 at p. 1).   Family circumstances are a consideration contemplated by U.S.S.G. § 1B1.13, Application Note 1(C), which addresses compassionate release when "[t]he death or incapacitation of the caregiver of the defendant's minor child" has occurred or the defendant's spouse has become incapacitated and "the defendant would be the only available caregiver."   Neither of these circumstances are present here.   While Mr. Gutierrez's desire to be of assistance to his father is admirable, that desire does not constitute "extraordinary and compelling reasons" for a sentence reduction.

### 3553(a) Factors

The court concludes the § 3553(a) factors do not support relief.   These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant, among others.   18 U.S.C. § 3553(a)(1)-(7).   A detailed analysis of these factors is unnecessary.

Mr. Gutierrez pled guilty to a serious offense.   A presentence investigation report indicates he and three associates planned to rob a bank while in California and traveled to South Dakota for that specific purpose.  PSR ¶ 5.   The four men entered the bank, ordered everyone there to lie face down on the floor and bound their hands with plastic handcuffs.   Id.   Mr.

9

Gutierrez was armed with a MAC .10 or MAC .11 firearm throughout the robbery.  Id.  Several people were physically assaulted during the course of the robbery and the group absconded with $9,000.  Id.

The court reviewed Mr. Gutierrez's disciplinary record to date while incarcerated.  (Docket 265 at pp. 88-94).  Mr. Gutierrez had multiple sanctioned events that involved possession of dangerous weapons and at least one assault against another inmate.  Id.

## ORDER

No good cause having been proven, it is

ORDERED that defendant's motion for compassionate release (Docket 262) is denied.

Dated August 5, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE